Rutberg, J.
Jeffrey Vanskyhawk, the appellee [hereinafter “Vanskyhawk”], was injured in a motor vehicle accident and he attempted to obtain Personal Injury Protection [hereinafter “PIP”] benefits due him from Arbella Mutual Insurance Company, the appellant [hereinafter “Arbella”]. Arbella paid Vanskyhawk $3,677.50 toward his claimed medical expenses but denied the balance of $37,453.47, as Arbella believed Vanskyhawk had to coordinate his benefits from other sources. Dominguez v. Liberty Mutual Insurance Company, 429 Mass. 112 (1999). Vanskyhawk commenced action against Arbella in the Westborough District Court in August 1998 claiming damages of $4,322.50, which is the difference between the maximum PIP benefit [$8,000.00] and the amount actually paid.
Arbella’s attorney prepared to try the issue of the unpaid medical benefits which comprised the bulk of Vanskyhawk’s unpaid claim; however, at trial, Vanskyhawk announced that he was waiving the part of the action which arose from unpaid medical expenses while he would proceed on the part of the claim arising from unpaid wages. After trial judgment was entered for Vanskyhawk in the sum claimed together with attorney’s fees as required by G.L.c. 90, §34M. Arbella appealed the award of damages *178 contending that since Vanskyhawk had been paid in full by his employer, Bose, throughout the period in question, he did not “actually lose” any revenue from his employer as a result of the incident which gave rise to this action. G.Lc. 90, §§34A, 34M. Arbella goes on to assert that since Vanskyhawk is not entitled to a recovery on his claim for damages, his claim for attorneys’ fees must also fail. We agree.
The legislature defined PIP to include:"... any amounts actually lost by reason of inability to work and earn wages or salary or their equivalent.” Id. [emphasis added]. The portion of the parties’ insurance contract pertaining to PIP benefits provides that the amount of lost wages “... will be determined by Massachusetts law.” Trial Exhibit 2, app. p. 151, 158. It is quite possible for a claimant to have “actually lost” wages even when he or she received their full compensation, such as a loss of a paid vacation day. However, once the insurer demonstrates that all earned compensation has been paid, the burden must shift to the claimant to present some evidence that he or she lost some other discreet benefit, such as one or more days of earned vacation pay.
All of the evidence presented at trial was consistent: Vanskyhawk received his full monthly wage from Bose with no diminution at all relevant times; moreover, trial judge found:
(t)he Plaintiffs claim for PIP benefits relative to a wage or salary claim did not become due and payable insofar as there was insufficient proof of the fact and amount of any loss which may have been incurred. [Request #11, app. p. 10; Ruling #11, app. p. 45]
The above finding is a factual determination, notwithstanding that the request for same was contained in a section defendant captioned “Rulings of Law.” As the trial judge’s finding is not clearly erroneous and is supported by the record, we will not disturb this finding. Safety Fund National Bank, Assignee v. Robert Hurtubise, 1996 App. Div. 207 [West. Dist.].
In his brief, Vanskyhawk asserts that evidence of a Bose company wage continuation program was adduced at trial; however, the record does not support this contention. The only evidence which was presented that could arguably touch on this matter was a memorandum prepared by Vanskyhawk himself to a Bose human resources officer that catalogues the dates and hours that Vanskyhawk putatively missed as a result of his accident, along with the designation of which type of paid leave he received for each such date. There is nothing in this document, or elsewhere in the record, that begins to describe the contents of any wage continuation program; indeed, at trial Mr. Vanskyhawk testified that he did not even know what such a program was, let alone whether or not his employer had one.
Even if we were to assume that such a program existed [which we do not], it is still essential for plaintiff to prove its terms in order for a court to grant him relief in a case where the uncontroverted evidence is that the plaintiff received his full salary throughout any period of his recovery. Similarly, Vanskyhawk presented no evidence as to how much vacation pay he received, how it was accrued or how it could be accrued. Therefore, the record is inadequate to support a finding that Vanskyhawk actually lost earned vacation pay as a result of his injuries; whereas, there is ample evidence in the record to support the trial judge’s finding to the contrary set forth above.
As the trial judge found that plaintiff did not prove the amount of any putative loss in his earnings, the plaintiff did not “actually lose” earnings as required by G.L.c. 90, §§34A, 34M. Since the plaintiff failed to prove his underlying claim against defendant, the award of attorney’s fees to plaintiff must also fail.
The judgment of the trial court is reversed.